# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: N.H.**

**No. 15-0377** (Greenbrier County 13-JA-48)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother O.H., by counsel Kristopher Faerber, appeals the Circuit Court of Greenbrier County's March 30, 2015, order terminating her parental rights to N.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael R. Whitt, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, the DHHR received a referral that petitioner committed domestic violence against her maternal grandmother, C.W., in the child's presence. Officer Clendenin of the Alderson Police Department investigated the matter and noted that the police "[are] at this house at least once a week and for reports of domestic violence." The DHHR further investigated the matter and discovered a pending Child Protective Services ("CPS") investigation against petitioner based upon her drug and alcohol abuse. During the current investigation, petitioner admitted to using drugs three weeks prior to this domestic altercation. Furthermore, petitioner denied drinking alcohol prior to the altercation despite having a blood alcohol content of 0.118. Petitioner declined to cooperate with the DHHR and refused to sign a temporary protection plan for N.H. The following day, petitioner was arrested for battery on a police officer and obstruction of justice. In October of 2013, the DHHR filed a petition for abuse and neglect based upon the September referral.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In November of 2013, the circuit court held an adjudicatory hearing. Petitioner stipulated that the child was abused and neglected due to the history of domestic violence and her alcohol and substance abuse. Ultimately, the circuit court granted petitioner a ninety-day post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to obtain and maintain employment and proper housing; participate in parenting and life skills classes; attend substance and alcohol assessments and treatment; and submit to random drug and alcohol screens. The circuit court also granted petitioner supervised visitation with N.H.

The circuit court held its first of several review hearings in February of 2014, to determine petitioner's compliance with the terms and conditions of her improvement period. The DHHR presented the circuit court with evidence that petitioner tested positive for cannabonoid, benzodiazepine, and oxycodone on three separate occasions and missed six supervised visitations and six parenting and adult life skills classes. In light of this evidence, the circuit court granted petitioner a ninety-day extension of her improvement period finding that petitioner entered into a residential treatment center and "ha[d] made progress in achieving the goals" of her improvement period. Subsequently, the circuit court held review hearings in July and September of 2014. Following each of these review hearings, the circuit court found that "[petitioner] has made progress towards remedying the conditions that led to the filing of the petition" and granted her two ninety-day extensions of her improvement period, respectively.

In March of 2015, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner missed two parenting classes in September of 2014 and failed to regularly attend therapy sessions since completing her residential substance abuse treatment. Importantly, petitioner testified that she relapsed three times since completing residential treatment. Petitioner also testified that she plans to move to Parkersburg, West Virginia, for twelve to eighteen months to receive additional substance abuse treatment and that her plans "do not include" N.H. Furthermore, petitioner concedes that she failed to comply with the terms and conditions of her improvement periods because she failed to adequately address her issues regarding domestic violence and failed to obtain employment and appropriate housing. Accordingly, the circuit court found that petitioner failed to follow through with her improvement period and terminated her parental rights to N.H. by order entered March 30, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order terminating petitioner's parental rights.

Petitioner argues that the circuit court erred in terminating her parental rights without employing a less-restrictive dispositional alternative, pursuant to West Virginia Code § 49-6-5(a) and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).[2] Contrary to petitioner's argument that a less-restrictive dispositional alternative existed, namely leaving the child in a legal guardianship with C.W., the circuit court had no option but to terminate petitioner's parental rights. Petitioner's argument fails to consider our directions regarding termination upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. This Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004).

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

---

[2]This Court previously has held that

> [a]s a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va. Code [§] 49-6-5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. at 496, 266 S.E.2d at 114 (1980).

The circuit court was presented with overwhelming evidence that petitioner failed to substantially correct the conditions that led to the abuse and neglect, including a post-adjudicatory improvement period and multiple extensions. The record reflects that petitioner relapsed three times after completing a residential substance abuse treatment program and failed to attend therapy sessions after substance abuse treatment. Furthermore, petitioner concedes that she failed to comply with the terms and conditions of her improvement periods because she failed to adequately address her issues regarding domestic violence and failed to obtain employment and appropriate housing. Finally, petitioner conceded that her plans for up to the next eighteen months do not include N.H. For these reasons, termination of petitioner's parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 30, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II